Law Library

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

BACKSON IOKAPUS,

Defendant.

CRIMINAL CASE NO. CF0639-11

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on December 30, 2011 on Defendant's Motion to Dismiss Indictment. Attorney Raymond B. Ilagan appeared on behalf of the Defendant, who was present. Attorney Nelson J. Werner appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with First Degree Criminal Sexual Conduct as a First Degree Felony. Defendant requests dismissal as he argues that the grand jury was not instructed on the general law or an essential element of the offense. Defendant has also filed a Motion For Bill of Particulars and a Motion to Compel Discovery with this Court. This Decision and Order will resolve only the Motion to Dismiss as the other two motions have not yet been heard.

### DISCUSSION

**Failure to Properly Instruct the Grand Jury**

Defendant argues that the Court should grant the Motion to Dismiss Indictment because the Government failed to instruct the grand jury as to the required culpable mental state. The Government opposes on the basis of *People v. Jones*, 2006 Guam 13, ¶ 12. The Government contends the offense as charged was directly read to the grand jury and the grand jury heard testimony from the investigating police officer. *See* Grand Jury Recording. The Government also argues that sufficient description of the law to allow the grand jury to find with a reasonable certainty that a crime was committed under 9 GCA § 25.15(a)(1) and (b) was present. The

charge in the indictment tracks the language of applicable statute and the indictment may be sufficient on this basis alone. *See People v. Jones*, 2006 Guam 13, ¶ 23. As to the charges read to the grand jury, the Court finds the indictment to be sufficient. The issue of the applicable law on the culpable mental state remains.

The Court reviewed the grand jury disc from November 23, 2011. The Court now verifies that Attorney General Brian D. Gallagher provided instructions as to the general principals of the law. On the morning portion of the grand jury disc it is clear that the grand jury heard the Government read verbatim 9 GCA § 4.10 through § 4.50 from approximately 9:17a.m. to 9:20a.m.. The Court pays special attention to 9 GCA § 4.30(a), which was read verbatim at 9:18a.m.. Thus, the grand jury panel was read the general law and the law on the required culpable mental state for intentional acts defined in 9 GCA § 4.30. The Government contends that the general law, including the culpable mental states, is read to the grand jury at the start of every grand jury's day. Therefore, all grand jurors were instructed of the culpable mental state before they returned an indictment.

The Court does however understand where confusion has fallen over the Defendant regarding the recording. The Court had difficulty in obtaining the morning portion of the recording as well because the recordings are categorized by case number and the Court has to request a different case number to retrieve the morning's recordings. Yet, the Court has reviewed the recording and the grand jury was instructed on the applicable law before hearing CF639-11. In addition, the Government has confirmed that the morning panel was identical to the afternoon panel. *See* Declaration of Nelson J. Werner; *See also* Declaration of Jennifer Conceicao. Here, the indictment was formed such that the Defendant was adequately informed and subsequent prosecution would be barred. In addition, the Court has previously found that the Government's practice complies with Guam laws as long as it can be shown that all members of the grand jury were read the general law. For these reasons, the instructions to the grand jury were sufficient and the Motion to Dismiss is denied. Finally, the Court believes that there would be too much of a financial and time burden to require the Government to instruct the grand jury with the general law before each case throughout a single day unless a new grand juror is present.

**Competent Evidence**

Defendant further argues that the requirement that evidence to a grand jury must be competent should be applied to the instructions given to the grand jury as well. In Guam, felony offenses are prosecuted by grand jury indictment. 8 GCA §1.15. During grand jury proceedings, the prosecutor is the only person authorized to present evidence to the grand jury and the grand jury must receive sufficient competent evidence to support the charges. 8 GCA §§50.46 and § 50.42.

Title 8 GCA §50.42 provides in relevant part:

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury. (2010).

The Court appreciates and agrees with Defendant that instructions to the grand jury should be competent. Yet, there are adequate safeguards in case law and the Guam Code that any additional requirement of competency for grand jury instructions would be redundant. Additionally, it is not the place of this Court to create a new statute requiring the word competent be added to instruction requirements when obtaining an indictment. Finally, the instructions were competent as given and the grand jurors did not indicate a lack of understanding of the general law.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. Parties are ordered to return MAY 2 4 2012 8·10 AM for trial setting.

So ORDERED this 2nd day of May, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

# IN THE SUPERIOR COURT OF GUAM

CLELLA M. CHAMPACO,

                Plaintiff,

   vs.

VICENTE T. CHAMPACO,

                Defendant.

DOMESTIC CASE NO. DM-0425-08

## DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on January 5, 2012 for Defendant's Motion for Reconsideration. Attorney Joaquin C. Arriola Jr. represented Defendant Vicente Champaco. Attorney Harold F. Parker represented Plaintiff Clella Champaco. Parties submitted on the briefs. As both Parties share a common surname they will be referred to herein solely as Plaintiff and Defendant. Having reviewed the pleadings presented, the Court now issues the following Decision and Order

## BACKGROUND

The parties first became acquainted in 1986, married on July 20, 1993, and separated on August 6, 2006. The parties have two adult children but no minor children. Plaintiff filed her Complaint for Dissolution of Marriage on July 7, 2008. Defendant filed an Answer and Counter-Claim on July 25, 2008. Plaintiff seeks divorce on the grounds of adultery, extreme cruelty, willful desertion, willful neglect and irreconcilable differences. (See Complaint at pg. 4) Plaintiff also seeks spousal support. (See Renewed Notice of Motion and Motion for Spousal Support, filed February 1, 2010) Defendant seeks divorce on the grounds of extreme emotional distress, cruelty, and irreconcilable differences. (See Answer at pgs. 2-3)

It is uncontested that Mr. Champaco has developed a romantic relationship with Josephine Champaco, the widow of his brother who passed away in September of 2005. (See Hearing of May 19, 2010 at 10:12) Plaintiff alleges that the affair began before the separation of the parties in 2006, but admits that she has no evidence of this fact. (See Hearing of May 19,

Champaco v. Champaco
Findings of Fact and Conclusions of Law
Domestic Case No. DM-0425-08     - Page 1 of 4 -

2010 at 12:27) Defendant denies that the relationship began before the parties separated. (See Hearing of May 19, 2010 at 10:17-10:18).

Parties tried the case on May 19, 2010 and this Court granted Plaintiff's request for Divorce, through interlocutory decree on June 22, 2010. As to the basis for divorce, this Court found that Defendant committed adultery. Defendant now motions the Court to reconsider the Findings of Fact and Conclusions of Law.

## DISCUSSION

### I. Standard for Reconsideration

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted).[1] In the case here, Defendant alleges that the Court based its decision on the wrong facts.

In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist. This Court will not decide on the merits of the case once again.

### II. Timing

Rule 60(b) provides that "the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. In this matter, reasons (1) and (2) which are mistake and newly discovered evidence respectively where Defendant's reasons for reconsideration. Thus, Defendant had not "more than one year" to file this Motion. Facially, the motion is untimely and the Court does not have to consider the Motion for Reconsideration. The Court's Findings of Fact and Conclusions of Law was filed on June 22, 2010. Defendant had until June 23, 2011 to lodge

---

[1] *See also* Rule 60(b).

his Motion for Reconsideration. Defendant's Motion for Reconsideration; Alternative Motion for New Trial was filed January 5, 2012 which is long after Rule 60(b) allows for such motions. Therefore, the Court will not grant reconsideration of its Findings of Fact and Conclusions of Law. Yet, the Court will make a brief analysis of the Defendant's main contentions that would allow for reconsideration if the motion was timely, which it is not.

### III. Reconsideration

The thrust of Defendant's argument is that the Motion for Reconsideration should be granted because the Court mistakenly based its June 22, 2010 Findings of Fact and Conclusions of Law without receiving evidence tending to prove adultery on behalf of the Defendant. Defendant also argues that he maintains an affirmative defense to a claim of adultery as Plaintiff has forgiven him.[2]  Defendant claims the June 22, 2010 Findings of Fact and Conclusions of Law should be reconsidered due to mistake and newly discovered evidence. Rule 60(b).

Adultery is defined as "the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife". 19 GCA § 8204. A person is still husband and wife until final decree of divorce. Without speculating on the practicality of the statute on most marital dissolutions, the Court must conclude that adultery is not excused by the physical separation of the Parties as many jurisdictions have found similarly. *See Boyatt v. Boyatt*, 2485.W.3d 144 (Ten. App. 2007); *See also Ayala v. Ayala*, 2011 WL2930311 (Tex. App. Houston.1.Dist.2011); *Jekot v. Jekot*, 232 S. W.3d 744 (Tenn. App. 2007); *Gee v. Gee*, 13 Pa.C.C. 382 (Pa Com Pl, 1893); *Atkinson v. Atkinson*, 32 S.W. 3d 41 (Ark. App. 2000). Additionally, the Court has enough evidence to base its conclusion of adultery. Defendant admitted that an affair occurred between his self and the wife of his deceased brother before interlocutory decree of divorce and without a separation agreement in place. Defendant's arguments, which include that no evidence supported a conclusion of adultery and that any adultery occurred after the date of separation and therefor is excused, both fail.

---

[2] Defendant argues that Plaintiff condoned the adultery and therefore it could not be the basis for Divorce acting as an affirmative defense to a complaint for divorce.

Defendant finally argues that condonation or recrimination make it impossible for the Court to find adultery as the basis for divorce. The Court finds now that if the opportunity existed at trial to submit evidence of such affirmative defenses, the Court is limited in hearing evidence available to Defendant at the time of trial. Rule 60(b); *See Ward v. Reyes*, 1998 Guam 1. According to the Supreme Court of the Territory of Guam, a party's failure to submit evidence does not make such evidence newly discovered and therefore, that evidence cannot be basis for reconsideration. *Ward v. Reyes*, 1998 Guam 1 ¶ 13. Furthermore, if the evidence "could have and should have been presented to the trial court", it is not an abuse of discretion of a trial court to deny a motion for reconsideration. *Id.*

Here, the evidence existed at the time of the trial and the Court will not take new evidence that a Party could have presented. Thus, the Court must review only what is already in the file. There is not adequate evidence of Plaintiff's condonation or recrimination that the Court could have based the June 22, 2010 Findings on. Even if the Court could review new evidence that was not available to Defendant at the time of the bench trial, the Court does not find the elements of either defense to adultery to be satisfied. Therefore, neither of Defendant's three arguments submitted by Defendant allow for reconsideration. There are no grounds for reconsideration and the Court will not decide the merits of Plaintiff's cause for divorce where the Court has already decided almost two years ago.

### CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Reconsideration. Parties will return on **MAY 2 5 2012** ~ 9am for a status hearing.

So **ORDERED** this day of _2nd_ May, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

LAW LIBRARY/
COMPILER OF LAWS

**IN THE SUPERIOR COURT OF GUAM**

**TRAFFIC COURT DIVISION**

PEOPLE OF GUAM,

vs.

GLENN LEONARD DAVIS,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

TRAFFIC CASE NO.
~~1C0068196~~
1C00686196

**DECISION AND ORDER
RE MOTION TO DISMISS**

## INTRODUCTION

The matter before the Court came on the People's issuance of a citation against Defendant Glenn Leonard Davies ("Defendant") for a violation of 16 GCA §§ 3325(c) and 16 GCA 7130 on February 27, 2011. On July 11, 2011, Defendant filed a Motion to Dismiss the Citation claiming that because Defendant has a pending criminal matter under Superior Court of Guam Case CM0120-11 based on the same incident giving rise to the traffic citation On February 29, 2012, Defendant's counsel submitted a judgment and plea agreement under his criminal case wherein the Defendant plead guilty to the following criminal offenses: 16 GCA §18102(a) DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL (As a Misdemeanor), and 16 GCA §9107(b) RECKLESS DRIVING WITH INJURIES (As a misdemeanor).

///

//

/

Page 1

## DISCUSSION AND ORDER

Title 16 GCA §1.26(a)(2) provides as follows:

**§1.26. Double Jeopardy. Different Offense.**

A prosecution of a defendant for a violation of a different provision of the statutes or based on different facts than a former prosecution is barred by such former prosecution under the following circumstances:

(a) the former prosecution resulted in an acquittal or in a conviction as defined in §1.24 and the subsequent prosecution is for:

(2) any offense of which the defendant should have been tried on the first prosecution under Subsection (b) of §65.30 of the Criminal Procedure Code, unless the court ordered a separate trial of the charge of such offense…

In addition, Title 16 GCA §65.30(b) provides that

**§65.30 Joinder of Offenses Encouraged.**

(b)      Except as provided by §65.35, a Defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are know to the prosecuting attorney at the time of the commencement of the first trial."

16 GCA§65.35 is inapplicable in the instant case since there was never any Court order from the prior prosecution granting a severance of offenses into separate trials. Moreover, the prosecuting attorney prosecuting Defendant's prior criminal case must have or should have been aware of the alleged traffic violations against the Defendant at the time the plea agreement was reached with the People of Guam. Accordingly, Double Jeopardy now bars a second prosecution against Defendant for the same conduct and/or criminal episode which gave rise to both the alleged traffic violations in the instant case and the criminal violations under the plea agreement

Defendant reached agreement with the People of Guam. Accordingly, IT IS ORDERED that Traffic Citation 0686196 against the Defendant is hereby dismissed.

SO ORDERED this _____ day of **May 0 3 2012** _____, 2012.

Original Signed By:
Honorable Benjamin C. Sison Jr.
Traffic/Small Claims Referee

**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

I hereby certify and acknowledge this is a full, true and correct copy of the original on file at the office of the Clerk of the Superior Court of Guam, Guam or Hagåtña, Guam.

MAY 0 3 2012

Cynthia T. Trong
Deputy Clerk Superior Court of Guam

Page 3